UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| David Griffin. | ) | |
|---|---|---|
| | ) | Civil Action No.: 2:17-cv-644-AMQ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff David Griffin ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on July 2, 2018, recommending that the Commissioner's decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner for re-evaluation of the evidence and any further proceedings as may be necessary. (ECF No. 20.) The Commissioner filed objections to the Report ("Objections") on July 10, 2018 (ECF No. 22), and Plaintiff filed his Reply on July 24, 2018. (ECF No. 23.) The Court has reviewed Commissioner's Objections, but, in light of the record, overrules them. Therefore, the Court adopts the Report and reverses and remands this matter, as further explained below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB benefits on August 14, 2015. (Tr. at 18.) Plaintiff alleges a disability onset date of August 3, 2015. (Tr. at 18.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 18.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on February 16, 2016. (Tr. at 18.) The ALJ heard testimony before Plaintiff and an impartial vocational expert, Janette Clifford, at a hearing on July 20, 2016. (Tr. at 18.) On September 27, 2016, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 15-32.) The Social Security Appeals Council denied Plaintiff's request for review (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff filed an action in this Court on March 8, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Commissioner's final decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the Commissioner for re-evaluation of the evidence and for any further proceedings deemed necessary. (ECF No. 20 at 21.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual

or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, after setting forth the relevant facts and background, the Magistrate Judge discussed whether remand was required under Sentence Six of 42 U.S.C. § 405(g), based on the post-decision notice received by Plaintiff concerning his eligibility requirements for disability benefits. (ECF No. 20 at 9.) The Magistrate Judge concluded that Sentence Six remand was unnecessary as Plaintiff has not shown how the notice regarding a subsequent time period is relevant to the instant claim regarding an earlier time period.[1] (ECF No. 20 at 11.)

Next, the Magistrate Judge addressed whether Sentence Four remand is warranted due to alleged "unresolved conflicts" between the Vocational Expert's ("VE") testimony and the three Dictionary of Occupational Titles ("DOT") job descriptions identified at the hearing. (ECF No. 20 at 12.) The Magistrate Judge considered the directive of SSR 00-4P and relevant Fourth Circuit case law concerning the ALJ's duty to identify and resolve all apparent conflicts between the evidence and the DOT. (ECF No. 20 at 12); *see Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015). The Magistrate Judge acknowledged the ALJ's efforts to identify and explain conflicts consistent with *Pearson*, as well as Plaintiff's contention about conflicts between the VE's testimony about three jobs at the light exertional level and the DOT's description of those jobs. (ECF No. 20 at 13.) The Magistrate Judge addressed each one in turn, first concluding

---

[1] Neither party made any objection to this finding and this Court finds no error in the analysis and adopts the finding.

3

there was no conflict between the DOT description for the sorter job (DOT #521.687-102) and Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 20 at 13.) In the absence of a conflict, the Magistrate Judge concluded that the ALJ could properly rely on the VE's testimony that Plaintiff could perform the job, and that 108,525 such jobs exist in the national economy. (ECF No. 20 at 14.) As to the final two "light exertional level jobs," "laundry folder" and "non-postal mail sorter" identified by the VE at the hearing, the Magistrate Judge recognized a disagreement between Plaintiff and the Commissioner as to the application of the Specific Vocational Preparation ("SVP") and General Educational Development ("GED") criteria to those identified jobs. (ECF No. 20 at 15.) Plaintiff argued that these two jobs exceeded his GED reasoning level based on the RFC and that Sentence Four remand is necessary to address the discrepancy. On the other hand, the Commissioner disagrees and asserts that SVP level controls the analysis, thereby eliminating any conflict. (ECF No. 20 at 17).

After reviewing the relevant portions of the RFC assessment describing Plaintiff's abilities (ECF No. 20 at 18), the Magistrate Judge took note of an apparent conflict in the case law as it relates to the relevant GED reasoning level and RFC which could be interpreted to limit Plaintiff to simple 1-2 step tasks. (ECF No. 20 at 19.) In view of the unsettled case law and the record, the Magistrate Judge concluded that a fair reading of the ALJ's ruling suggests that an apparent conflict was not resolved in that the VE's testimony did not provide substantial evidence to show that Plaintiff's RFC would allow him to perform two of the jobs identified by the VE. (ECF No. 20 at 20.) Thus, the Magistrate Judge recommends remanding the case pursuant to Sentence Four to address the unresolved conflict between the DOT description and the VE's testimony regarding the laundry folder and mail clerk jobs and the limitations imposed by the ALJ in the RFC. (ECF No. 20 at 21.)

### III. PARTIES' RESPONSE

The Commissioner filed brief Objections to the Report on July 10, 2018, objecting to the Report's recommendation in that, even accepting the Magistrate Judge's findings, the ALJ did identify jobs that exist in significant numbers in the national economy that Plaintiff could perform relevant to step five of the sequential evaluation process. (ECF No. 22 at 1.) Thus, The Commissioner contends that there is substantial evidence for the ALJ's decision, particularly given that the Magistrate Judge concluded that there was no conflict between the sorter job identified by the VE and the DOT. (ECF No. 22 at 2.) Plaintiff filed a response in support of the Magistrate Judge' Report, reiterating its assertion that there is a potential conflict as to the "sorter" job as well, further necessitating the need for remand. (ECF No. 23 at 2-4.)

### IV. DISCUSSION OF THE LAW

#### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that

substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

B.   **ANALYSIS AND DISCUSSION**

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other

work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: spinal disorder, major joint disorder, obesity, affective disorder, anxiety disorder and a learning disorder. (Tr. at 20.) The ALJ further determined Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the objective medical evidence. (Tr. at 24.) The ALJ then found that Plaintiff has the RFC to perform light work with certain restrictions. (Tr. at 22.) For step five of the sequential analysis, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony of the VE, to conclude that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 31.)

This Court has undertaken an independent review of the VE's testimony in light of the Report and the Commissioner's Objections. The Court agrees with the Magistrate Judge that the VE's testimony triggers the policy interpretation ruling set forth in SSR 00-4P, which clarifies the Social Security Administration's standards for the use of VEs who provide evidence at hearings before ALJs. (ECF No. 20 at 12.)

SSR 00-4P at issue here states in relevant part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00–4P, 2000 WL 1898704, at *2 (Dec. 4, 2000).

SSR 00–4P further provides that the ALJ "has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." *Id*. at *4. In such situations, the ALJ must ask the VE if the evidence he or she has provided conflicts with information provided in the DOT, and if so, the ALJ must "obtain a reasonable explanation for the apparent conflict. *Id.* "The ALJ must resolve the conflict before relying on the VE's testimony and must explain the resolution of the conflict in his decision." *Id.; see also Henderson v. Colvin*, 643 F. App'x 273, 277 (4th Cir. 2016) (unpublished decision)(citing SSR 00–4P).

Here, the ALJ had an exchange with the VE at the beginning of the VE's testimony in which he told her that if she were to give him an opinion that conflicted with the information contained in the DOT and its companion publications, that she should advise him of that conflict and the basis of that opinion. (Tr. at 111.) The VE indicated that she would do so. (Tr. at 111.) In the questioning and discussion that followed, the VE testified that a hypothetical individual of Plaintiff's age, education, past work experience and RFC would be unable to perform his past

relevant work. (Tr. 112-114.) She presented three alternative occupations for that hypothetical individual. (Tr. at 32, 114.) The ALJ did not expressly ask the VE about her testimony in relation to the DOT. He did follow up with the VE about her testimony regarding "reduced standing at the light exertional level, bifurcated and demarcated reaching, demarcated stooping, the use of a cane, absenteeism, and time off task," and then asked "are those all directly addressed in the DOT or its companion publications." (Tr. at 117). The VE responded in the negative, further stating that the majority of her testimony on those points was based on her professional experience. (Tr. at 117.)

In his ruling, the ALJ indicated that, pursuant to SSR 00-4P, he "determined that the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles, except for reduced standing at the light exertional level, use of a cane, and bilateral reaching, and stooping, which are not addressed in the DOT and are instead based on the [VE's] professional experience regarding how the jobs are performed." (Tr. at 32.) The Magistrate Judge acknowledged this as an indication of the ALJ's effort to identify any conflicts independently from the VE, and to explain that the VE's testimony did not contradict the DOT in accordance with *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). In light of *Henderson*, *Pearson* and SSR 00-4P, however, the ALJ should have done more to identify and obtain a reasonable explanation for any conflicts between the occupational evidence provided by the VE and the information in the DOT. The ALJ indicated that he accepted "the expert's testimony and opinions and has used them as part of the decision making process." Thus, the Court disagrees with the Commissioner's Objection concerning the lack of conflict between the VE's testimony and the DOT for the job of sorter.

9

Ultimately, it may be that Plaintiff can perform other work in the national economy (20 C.F.R. § 404.1520(g)). This Order should not be construed as addressing that issue. However, because the potential conflicts concerning the non-postal mail sorter and laundry folder jobs in particular, "the ALJ needed to further develop the record with respect to any inconsistencies between the Plaintiff's ability (or inability) to perform the…jobs as described in the DOT." *See Brown v. Astrue*, No. CIV.A.3:07-2914SB, 2009 WL 890116, at *12 (D.S.C. Mar. 30, 2009). "At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." SSR 00–4P, 2000 WL 1898704, at *2. The ALJ should do so "before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." *Id.; see Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015)(noting that the Ruling specifies that the ALJ must ask the VE if the evidence he or she has provided conflicts with the information provided in the DOT); *see also Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007)("Here, the ALJ did not ask the vocational expert whether her testimony conflicted with the *Dictionary of Occupational Titles* and, if so, whether there was a reasonable explanation for the conflict…[t]hus we cannot determine whether the ALJ properly relied on her testimony…[a]s a result we cannot determine whether substantial evidence supports the ALJ's step-five finding…"). In sum, this Court agrees with the Magistrate Judge that this case should be remanded so that the ALJ can obtain testimony with respect to any conflicts between the jobs identified by the VE and the DOT descriptions, in light of limitations imposed by the ALJ in the RFC assessment.

V.  **CONCLUSION**

For the reasons set forth above and in the Report, after a thorough *de novo* review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules

the Commissioner's Objections and adopts the Report and incorporates it herein to the extent not inconsistent. Therefore, it is the judgment of this Court that the Commissioner's decision be **REVERSED,** and that this case be **REMANDED** for the purpose of obtaining proper vocational expert testimony, re-evaluation of the evidence and for such further administrative action and proceedings as is deemed necessary and appropriate.

    **IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.<br>United States District Judge

August 16, 2018
Greenville, South Carolina